## JAMES D. COLE *v.* BENJAMIN RHOR.

[Abstract Kentucky Law Reporter, Vol. 1—62.]

**Homestead Exemption.**

There is no remainder in a homestead that can be sold while the debtor is living.

**Sale of Homestead.**

Where a defendant is entitled to a homestead the officer holding an execution has no right to sell the property without setting apart the defendant's homestead. The purchaser at such a sale takes the property subject to the homestead, and as to the extent of its value he acquires no title.

### APPEAL FROM HARDIN CIRCUIT COURT.

June 1, 1880.

OPINION BY JUDGE PRYOR:

In this case, while the proof may not be altogether satisfactory as to the intention of the appellant when leaving his residence, still, as the evidence is conflicting as to his purpose to abandon it, the chancellor acted properly in adjudging that he was entitled to a homestead. The officer had no right to sell under the execution without setting apart his homestead, and the sale passed no interest in remainder to the purchaser. He certainly takes the property subject to the homestead, and as to that or to the extent of its value he acquired no title whatever. The proof showing that the property was worth less than $1,000, no right was acquired by the appellee. There is no remainder in a homestead that can be sold while the debtor is living.

The judgment, therefore, determining that the purchaser held the property in remainder, is reversed and cause remanded with directions to set aside the sale. If the property can be divided the sheriff or commissioner should allot to the appellant his homestead and sell the balance, or, if indivisible, sell the whole lot and pay to the appellant $1,000.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*Wilson & Hobson, Hays & Bush, for appellant.*

*James Montgomery, for appellee.*

[Cited, *Louisville Fertilizer Co. v. Lorton*, 33 Ky. L. 676, 110 S. W. 870.]