## Fraser v. Stewart.

(Decided November 1, 1927.)

### Appeal from Ballard Circuit Court.

Homestead.—Where debtor's land was levied upon and sold under execution during his lifetime, subject to homestead, and land at sale brought less than $1,000 and no attempt was made to divide it so as to authorize sale under Ky. Stats., secs. 1703, 1705, such sale was void, in view of Ky. Stats.; secs. 1702, 1707.

J. B. WICKLIFFE for appellant.

M. C. ANDERSON and WM. HENDERSON for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

On September 22, 1921, execution was issued from the Ballard circuit court in favor of Ashbrook, Fraser & Fraser against J. T. Stewart for the sum of $212.50, with interest from January 3, 1920, and $9.40 cost. The sheriff levied the execution on 58 acres of land on which Stewart resided with his family, consisting of his wife and two daughters. He advertised the property for sale on a credit of six months, "subject to homestead of J. T. Stewart in the sum of $1,000, and dower interest to Mrs. J. T. Stewart, wife of J. T. Stewart, levied on as the property of J. T. Stewart." He caused the property to be appraised at $60 an acre. At the sale Vert C. Fraser

was the purchaser for the amount of the debt, and executed bond for the purchase money; $301.66, due in six months. The property was not redeemed; Stewart died, and this action was brought by the purchaser after he received a deed from the sheriff against Mrs. Stewart for the sale of the property and the division of the proceeds on the ground that the property was indivisible without materially impairing its value. The circuit court dismissed the petition, and the plaintiff appeals.

The judgment of the circuit court rests upon the ground that the execution sale was void. By section 1702, Kentucky Statutes, there shall be "exempt from sale under execution, attachment or judgment," a homestead not exceeding in value $1,000. By section 1703, when the tract is of value more than $1,000 and is divisible, the homestead must be set off and the remainder of the land may then be sold. By section 1705, where the land is indivisible, the whole tract may be sold and $1,000 of the money arising from the sale shall be paid to the defendant to enable him to purchase another homestead, and this is added: "But there shall be no sale if the land when offered does not bring more than $1,000." By section 1707, after the death of the owner, the land may be sold subject to the rights of the widow and children, if a sale is necessary to pay the debts of the husband. But this is the only provision for a sale of the land subject to the homestead.

The homestead, by section 1702, was exempt from levy and sale. The only way in which a valid sale of the land could be made during the life of the owner was under sections 1703 or 1704. The land was not divided; no attempt was made to follow section 1703. The sale was made evidently under section 1704, but the land at the sale brought less than $1,000, and the statute expressly provides that there shall be no sale if the land does not bring more than $1,000. The sale of the land in the owner's lifetime, subject to the homestead, was unauthorized and void.

"Where a debtor is entitled to a homestead, his creditors cannot have the land sold subject to his homestead right. Such a sale may be ordered after the death of the debtor, reserving the rights of his widow and children but during his lifetime the creditors cannot demand that the land be sold subject

to the homestead right. Cole v. Rohr, 1 Ky. Law
Rep. 62; Schmidt v. Oliges, 6 Ky. Law Rep. 297;
Thompson on Homesteads, section 738." Louisville
Fertilizer Co. v. Lorton, 110 S. W. 870, 33 Ky. Law
Rep. 676.

Judgment affirmed.